Wright, J.,
delivered the opinion of the Court.
The complainant, as a judgment creditor of John A. Williams, seeks to subject to the .satisfaction of his debt the *541 equitable estate which he alleges he has in a tract of land. The facts of the case are: John A, Williams purchased this land of one Bysor j paid him part of the purchase money do-wn, and undertook to pay the residue at a certain time thereafter, and took his title bond for a conveyance of the-land upon the completion of the payment of the purchase money. Afterwards, and before he had taken any deed, or paid the remaining purchase money, he sold this land to his-brother, Michael A. Williams, and assigned and delivered to-him the bond for title upon Bysor. The assignment was in writing, on the back of the bond, signed by John A. Williams ; and after a transfer of all his right, title, and interest in the bond, there was a direction to Bysor to make the deed to Michael A. Williams. There was no other writing between them. As a consideration for this purchase, Michael A. Williams paid John A. Williams $469, in a note upon James andl Gilbert Marshall, and agreed to pay Bysor the unpaid purchase money. Bysor was soon thereafter made acquainted with the assignment and delivery of this bond, and that Michael A. Williams was to- pay him, and gave his sanction to the arrangement; but has never yet executed a deed to him, nor has the former been paid.
After these things had taken place, the complainant became a judgment creditor of John A. Williams, and filed this bill-He asks to reach this land upon two grounds: 1st, that the assignment to Michael A. Williams was made to hinder and delay creditors, and is, therefore, void; 2d, that neither the title bond or assignment were registered until after he had filed his bill, and on this ground he must be let in, as against the assignment. To these positions we answer, that from an examination of the pleadings and proof in the cause, we are satisfied the assignment is not fraudulent, and that John A. Williams, at the time of the filing of this bill, having no interest in this estate, complainant can have no relief. And as to the question of registration, we need only refer to the case of Wilburn et als. v. Spofford, Tileston & Co. et als., 4 Sneed, 698, 706, as authority to show that the registry law» *542 can have no application. The transfer of a title bond may as well be by a simple delivery as by an assignment in writing. Such a transfer, where the consideration is paid or properly secured to be paid, puts the estate beyond the reach of the creditors of the party making the transfer. This is so upon general principles of the common law. Chapron & Nidelete et al. v. Cassaday et al., 3 Hum., 661, 665. The complainant is not a creditor of Bysor, but of John A. Williams, and the non-registration of the title bond is a matter wholly immaterial to him.' He must invalidate the assignment, or he fails. This he cannot do — there being no fraud in the transaction, and the registry laws being out of the case.
The Chancellor took this view of the case, and without the consideration of other questions which might lead to the same result, we .affirm his decree.